IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HUGO CORTEZ, on behalf of himself and other Plaintiffs similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| SILVIA MANCILLA d/b/a SILVIA MANCILLA CONTRACTORS, MANCILLA CONTRACTORS, INC., and BENITO MANCILLA, individually, | ) ) ) ) | **Jury Trial Requested** |
| Defendants. | | |

## COMPLAINT

Plaintiff Hugo Cortez ("Plaintiff"), on behalf of himself and all others similarly situated, through his attorneys, Barlow, Kobata & Denis LLP, for his Complaint against Defendants Silvia Mancilla d/b/a Silvia Mancilla Contractors, Mancilla Contractors, Inc., and Benito Mancilla, individually ("Defendants"), states as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")*,* the Portal to Portal Act, 29 U.S.C. § 251 *et seq.,* and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay wages and overtime wages to Plaintiff and a class of similarly situated employees.

## JURISDICTION AND VENUE

2. Federal jurisdiction arises under the provisions of the FLSA, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*, and 28 U.S.C.

1

§§ 1331 and 1343. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in the Northern District of Illinois Eastern Division in that the Defendants are engaged in business in this District and Division, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District and Division.

**PARTIES**

4. Defendant Silvia Mancilla d/b/a Silvia Mancilla Contractors is an Illinois corporation that does business throughout this District and Division.

5. Defendant Mancilla Contractors, Inc. is an Illinois corporation that does business throughout this District and Division.

6. Defendant Benito Mancilla is the owner, president, and registered agent of Defendant Mancilla Contractors, Inc. He manages and operates both Defendants Silvia Mancilla d/b/a Silvia Mancilla Contractors and Mancilla Contractors, Inc., and directed the work of the Plaintiff.

7. The Plaintiff is a resident of Round Lake Beach, Illinois, and performed non-exempt work for Defendants in this District and Division between October 2013 and November 2015.

8. At all relevant times herein, Plaintiff, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either former or current employees of Defendants.

**IV. COLLECTIVE ACTION ALLEGATIONS**

**9**. Pursuant to 29 U.S.C. § 216 (b), this action may be maintained by the Plaintiff Class, or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. § 206 *et. seq.* and § 251 *et. seq.*

10. There exist past and present employees of the Defendants who are similarly situated to the named Plaintiff in that those similarly situated employees have performed the same or similar job duties as the named Plaintiff and have been compensated in the same or similar manner as the named Plaintiff.

11. Plaintiff and similarly situated employees are subject to common personnel policies, including the Defendants' same policies regarding pay and overtime pay.

12. Defendants have a common policy and practice regarding the payment of wages, the non-payment for overtime, and the computation of overtime for all of its employees.

13. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

14. Pursuant to 29 U.S.C. § 216(b), the Court should, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by Defendants.

15. In order to bring this cause of action, it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**FACTUAL ALLEGATIONS**

16. Paragraphs 1-15 are re-alleged and incorporated as though set forth fully herein.

17. The Plaintiff and all other unnamed Plaintiffs of the class, known and unknown ("Plaintiff Class") are either present or past employees of the Defendants.

18. At all pertinent times to this cause of action, Plaintiff and all other members of the Plaintiff Class, known and unknown, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

19. At all pertinent times Defendants have continuously been and are "employer[s] in an industry affecting commerce" within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

20. During the course of his employment by Defendants, the Plaintiff and the class he represents were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

21. Plaintiff has signed a Consent to Become a Party Plaintiff under the FLSA, a copy of which is attached hereto as Exhibit A.

22. During his employment, Plaintiff and the Plaintiff Class regularly worked hours in excess of forty hours in a single work week.

23. On the occasions when Plaintiff and the Plaintiff Class worked more than forty (40) hours in a single work week, they were not paid for all those hours in excess of 40 hours at a rate of one and one-half times their regular rate of pay.

24. Defendants have both in the past employed and presently employs members of the Plaintiff Class, including the Plaintiff in excess of forty (40) hours in a workweek, but have failed to pay them at a rate of time and one-half their regular hourly rate, pursuant to the requirements of the FLSA.

25. Pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.,* and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown,

Case: 1:16-cv-02670 Document #: 1 Filed: 02/29/16 Page 5 of 9 PageID #:5

are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours, in any week, during the two (2) years preceding the filing of this Complaint.

26. Defendants' failure to pay overtime compensation at the rate of one and one-half their regular rate of pay for all hours worked over forty (40) in a work week is a violation of the FLSA.

27. Defendants have at all times relevant hereto failed and refused to pay overtime compensation to its employed, including the Plaintiffs herein, at a rate of one and one-half their regular hourly wage rate for all hours worked over forty (40) in a work week, all as required by the FLSA.

WHEREFORE Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A. the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to the Plaintiff;

B. awarding a judgment equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

C. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

D. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Paragraphs 1-27 are re-alleged and incorporated as though set forth fully herein.

29. Defendants have, both in the past and presently, willfully failed to pay the Plaintiff and the class he represent for all hours worked in excess of forty (40) hours per week at a rate equal to one-half times their regular rates of pay, despite the fact that Defendants knew, or should have known, of the requirements of the FLSA.

30. Defendants continue a pattern of deliberate, intentional, and willful violation of the FLSA.

31. Pursuant to the FLSA, Plaintiff and the class he represents are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A. awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

B. awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

C. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

D. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

32. Paragraphs 1-31 are re-alleged and incorporated as though set forth fully herein.

33. In denying Plaintiff and the class he represents compensation at a rate of one and one-half times their regular rate for all hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

34. The Plaintiff and the class he represents are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A. awarding liquidated damages equal to the amount of all unpaid overtime compensation;

B. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

C. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

### COUNT IV
### SUPPLEMENTAL STATE COURT CLAIM
### ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.*

35. Paragraphs 1-8 and 16-34 are re-alleged and incorporated as though set forth fully herein.

36. There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

37. This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. § 1367.

38. At all relevant times herein, Defendants were employers as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an employee within the meaning of that Act.

39. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his normal rate of pay for all hours worked in excess of forty (40) hours per week. Defendants failed and refused to pay Plaintiff overtime pay.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

41. The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

42. The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

43. Defendants' failure to pay Plaintiff time and one-half for all hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A. a judgment in the amount of one and one-half times their normal hourly rate of pay for all hours which he worked in excess of forty (40) hours per week;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

8

D.      awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of that Act;

E.      that the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to Plaintiff during the relevant time period; and

F.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Dated: February 29, 2016                                          *s/ Marty Denis*
                                                                                    Marty Denis
                                                                                    Bethany Hilbert
                                                                                    Barlow, Kobata & Denis LLP
                                                                                    525 West Monroe, Suite 2360
                                                                                    Chicago, Illinois 60661
                                                                                    (312) 648-5570